IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARK E. ALLEN                   :      CIVIL ACTION
                                :
         v.                     :
                                :
SUPERINTENDENT BRIAN COLEMAN,   :
et al.                          :      NO. 09-145

MEMORANDUM

Bartle, C.J.                                        November 9, 2009

Before the court are the objections of petitioner Mark E. Allen to the Report and Recommendation of the United States Magistrate Judge.

Allen filed a petition for a writ of habeas corpus from state custody under 28 U.S.C. § 2254. In her Report and Recommendation, the Magistrate Judge recommended that the petition be dismissed with prejudice as untimely. We will affirm the Recommendation and will deny Allen's petition as untimely, albeit for different reasons than set forth in the Magistrate Judge's Report.

A jury in the Court of Common Pleas of Chester County convicted Allen of two counts of aggravated assault, one count of

simple assault, and one count of recklessly endangering another person on January 13, 2005. He did not file a direct appeal. His conviction became final on February 12, 2005. Thereafter, on June 2, 2006, Allen filed a petition for post-conviction relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. § 9541, et seq. The Court of Common Pleas rejected his petition as untimely on April 6, 2007. The Pennsylvania Superior Court affirmed that finding on May 29, 2008. Allen then filed a pro se petition for a writ of habeas corpus in this court on January 6, 2009. In his objections to the Magistrate Judge's Report and Recommendation, Allen contended that his petition should be considered timely because the court should apply equitable tolling for the period from January 2, 2004 until October 31, 2008.

      The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one year statute of limitations to applications for a writ of habeas corpus filed by persons in state custody. 28 U.S.C. § 2254(d)(1). The AEDPA one-year statute of limitations runs from, "the date on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review."[1]  28 U.S.C.
§ 2254(d)(1)(A).

The applicable starting point is February 12, 2005, the date on which Allen's conviction became final.  Allen had until February 12, 2006 to file timely a petition for a writ of habeas corpus in federal court.  He did not file his petition in this court until January 6, 2009, nearly three years after the statute of limitations period had expired.  Allen is barred from presenting his claim to this court unless the statute of

---

1.  The AEDPA statute of limitations can also be calculated to begin on the latest of:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2244(d)(1).

In this case, Allen does not allege any impediments to filing caused by the state, that his petition invokes a newly-recognized right, or that there are new facts.

-3-

limitations period is subject to either statutory or equitable tolling.

The AEDPA provides for tolling for the period during which a properly filed application for state post-conviction relief or other collateral review is pending. Such time shall not be counted towards any limitations period. 28 U.S.C. § 2244(d)(2). However, petitions untimely filed in state court are not considered to be "properly filed" and do not toll the statute of limitations under the AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). A federal habeas court must defer to a state court's determination regarding the timeliness of a PCRA petition. See Merrit v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).

The Pennsylvania Superior Court explicitly found that Allen's PCRA petition was filed in the Court of Common Pleas of Chester County on June 2, 2006. Under Pennsylvania law, such a petition must be filed within one year of the date that conviction becomes final unless the petitioner can prove at least one of the following: (1) the failure to raise the claim was the result of interference by a government official in violation of the constitution or laws of the Commonwealth or the United

-4-

States; (2) the facts on which the claim is predicated were unknown and could not have been discovered by the exercise of due diligence; or (3) the right asserted is a constitutional right recently recognized and made retroactive by the Supreme Court of the Commonwealth or of the United States.  See 42 Pa. Cons. Stat. § 9545(b)(2).  Where a petition falls within one of these exceptions, the state court will consider it timely if it is filed within sixty (60) days of the first date on which the claim could have been presented.  See id.

Allen did not meet the one-year deadline or plead one of the three exceptions in his original petition in the state court.  Although he did plead government interference in his appeal to the Superior Court, the Superior Court nonetheless ruled that his petition was "untimely."  The Superior Court explained:

> In his concise statement, the defendant contends that his petition was filed timely because it was filed within sixty days of his having learned that no petition was filed in this Court.  However, that position is unpersuasive because it fundamentally misconstrues the sixty day filing requirement.  To be timely, a PCRA petition that alleges an exception to the one year deadline must be filed within sixty days of the *first date it can be presented*, not within sixty days of whatsoever date the

> petitioner happens to choose to make
> inquiries regarding his filings. The sixty
> day filing requirement is not satisfied when
> a defendant fails to explain why the alleged
> government interference could not have been
> discovered earlier through due diligence.

(emphasis in the original). We are bound by that finding. See Merrit, 326 F.3d at 168. Consequently, because Allen let the clock run out in the state court, his petition here is out of time under the AEDPA.

Allen argues that his petition should be considered timely based on equitable tolling. He alleges that he filed an initial PCRA petition with the Court of Common Pleas of Chester County on January 2, 2006, which the court failed to docket. He asks that we consider this filing date as the date on which he first attempted to vindicate his rights. Allen also contends that he did not receive notice of the Superior Court's denial of his appeal until October 31, 2008 and should not be held accountable for filing his federal petition before that date. It is undisputed that if we were to deem the statute of limitations tolled on equitable grounds from January 2, 2006 until October 31, 2008, Allen's petition to this court would be timely.

While the United States Supreme Court has not decided whether equitable tolling is available for a federal habeas

petition, our Court of Appeals has ruled that it is.  See Lawrence v. Florida, 549 U.S. 327, 336 (2007); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).  In order to grant equitable tolling, we must find that Allen has established, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way."  Lawrence, 549 U.S. at 336.  Furthermore, under AEDPA, a district court must "presume that the ... [factual] findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and convincing evidence to the contrary."  Affinito v. Hendricks, 366 F.3d 252, 256 (3d Cir. 2004); see also 28 U.S.C. § 2254(e)(1); Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

Allen contends that his initial PCRA filing on January 2, 2006 and his refiling on June 2, 2006, subsequent to learning that the January petition had not been docketed, constituted reasonable diligence in pursuing his rights.  In support of his contention that he originally filed on January 2, 2006, Allen presents a prison mail log indicating outgoing mail from him to the Chester Court of Common Pleas.  Allen also argues that the Commonwealth Court's failure to docket and the Superior

Court's failure to credit his January petition were extraordinary circumstances that prevented his timeliness.

Allen, in our view, has presented insufficient evidence that he actually filed a PCRA petition on January 2, 2006 to overcome the state court's finding that he did not do so. The mail log does not prove the contents of the mailing. Allen rests solely on unsupported allegations that the January 2, 2006 letter contained a PCRA petition. His June 2, 2006 PCRA petition makes no mention of an earlier filing, and he has not presented any convincing proof that there ever was a January petition.

The Pennsylvania courts have found that Allen's PCRA petition was not filed until June 2, 2006. In the absence of clear and convincing evidence, we are bound by that finding. See Hunt, 253 Fed. Appx. at 160; Affinito, 366 F.3d at 256. He failed to file his state court petition for post-conviction relief within the statutory deadline and has not provided any basis for disregarding this failure. We will not toll the AEDPA's statute of limitations, for no equitable considerations exist, and will adopt the recommendation of the Magistrate Judge that Allen's petition must be denied.